UNITED STATES DISTRICT COURT

THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS GONZALEZ (A-095-739-118), | No. 1:26-cv-02804-DC-CSK (HC) |
| Petitioner, | |
| v. | ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS |
| WARDEN, CALIFORNIA CITY DETENTION FACILITY, et al., | (ECF No. 16) |
| Respondents. | |

Petitioner, an immigration detainee proceeding through appointed counsel, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 18, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and contained notice that any objections to the findings and recommendations were to be filed within seven days. (ECF No. 16.) On June 18, 2026, Respondents filed objections to the findings and recommendations, merely stating they object "for the reasons set forth in their previous pleadings." (ECF No. 17.) Those arguments were already addressed by the magistrate judge in this case and the undersigned in other cases.

Specifically, the undersigned has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or

1

conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, Doc. No. 8 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim). Thus, Respondents' objections do not provide a basis upon which to reject the findings and recommendations.

However, consistent with this court's previous decisions, the court finds that requiring Respondents to provide a bond hearing, rather than immediately release Petitioner, is the appropriate relief under the circumstances of this case. Unlike the petitioner in *Altin*, who had been arrested but not charged with any criminal offenses and who was detained by immigration authorities seven months after his release from that arrest, here, Petitioner was detained by immigration authorities following his arrest and has criminal charges pending against him for drug-related offenses. (ECF Nos. 7-1 at 2; 7-2 at 9.) Thus, unlike in *Altin*, Respondents have provided a non-pretextual changed circumstance that may warrant revocation of Petitioner's prior release. This court has previously found that where the government asserts a non-pretextual change in circumstance potentially warranting revocation of a non-citizen's release, the proper remedy for the government's failure to provide the petitioner with a pre-deprivation bond hearing is a post-deprivation bond hearing, not immediate release. *See Calvillo v. Chestnut*, No. 1:26-cv-00569-DC-CSK, 2026 WL 253627 at *3 (E.D. Cal. Jan. 31, 2026) ("[W]hile the court finds that Petitioner is likely to succeed on the merits of her claim that her re-detention without a bond hearing violated her right to due process, the court will order that the proper remedy for this violation is that Petitioner receive a post-deprivation bond hearing in which Respondents must show, by clear and convincing evidence, that the alleged changed circumstances demonstrate that

2

Petitioner is either a flight risk or threat to public safety, such that her detention is justified.").

Accordingly, IT IS HEREBY ORDERED that:

1.     The findings and recommendations (ECF No. 16) are ADOPTED IN PART;

2.     Petitioner Jesus Gonzalez's (A-095-739-118) petition for a writ of habeas corpus (ECF No. 1) is GRANTED as follows:

a.     Within fourteen (14) days of the date of entry of this order, Respondents are ORDERED to provide Petitioner a bond hearing before an immigration judge pursuant to 8 C.F.R. § 1236.1(c)(8) at which the government shall bear the burden of showing that Petitioner is not a flight risk or a risk to community safety; and

b.     If Respondents fail to provide Petitioner a bond hearing within fourteen (14) days of the date of entry of this order, Petitioner shall be immediately released from Respondents' custody;

3.     The Clerk of the Court is directed to serve California City Detention Facility with a copy of this order; and

4.     The Clerk of the Court is directed to enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Dated:     **June 30, 2026**     _____

Dena Coggins
United States District Judge

3